IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**WALTZ SHERIDAN CRAWFORD, INC.,**

    Plaintiff,

v.

**CYNTHIA CALHOUN,**

    Defendant.

Case No. 3:18-cv-01877-SB

OPINION AND ORDER

**MOSMAN, J.,**

Magistrate Judge Stacie F. Beckerman issued her Findings & Recommendation (F&R) [38] recommending that I deny Plaintiff Waltz Sheridan Crawford, Inc.'s (WSC) partial motion to dismiss Defendant Cynthia Calhoun's counterclaim for unpaid wages under Oregon Revised Statute § 652.140. Countercl. [20] at ¶¶ 142–47. WSC filed Objections [40] to the F&R and Ms. Calhoun filed a Response [44] to those objections. For the reasons stated below, I adopt Judge Beckerman's findings in part. Because Ms. Calhoun failed to adequately plead that she was entitled to the wages she seeks, I decline to adopt Judge Beckerman's recommendation and I GRANT WSC's Partial Motion to Dismiss [22].

1 – OPINION AND ORDER

## STANDARD OF REVIEW

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

A motion to dismiss should only be granted if it appears beyond doubt that the nonmoving party can prove no set of facts in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007). All allegations must be accepted as true and viewed in the light most favorable to the nonmoving party. *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). Although factual allegations are taken as true, the Court is "not bound to accept as true legal conclusions couched as factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

I. <u>Definition of "Wages" for the Purposes of Oregon Revised Statute § 652.140</u>

WSC first objected to the F&R by arguing that Ms. Calhoun cannot bring a claim under Oregon's unpaid wage statute, Oregon Revised Statute § 652.140, because the severance she

argues WSC owes to her cannot be considered wages. Ms. Calhoun seeks the severance payment described in Paragraph 1.3 of her employment agreement with WSC, which states that:

> If Employee's employment is terminated prior to the end of the Term (A) by Employee for Good Reason or (B) by the Company without Cause, then during the period commencing on the Separation Date and ending on the last day of the Term, the Company shall pay to Employee severance in an amount equal to Employee's Annualized Base Compensation multiplied by a fraction, . . . payable in equal installments on the Employee's regular compensation payment dates in conformity with the Company's customary payroll practice. Notwithstanding anything herein to the contrary, (A) Employee shall not be entitled to receive any payments pursuant to this Section 1.3 unless Employee has executed and delivered to the Company a general release of claims in form and substance satisfactory to the Company (and such release is in full force and effect and has not been revoked), which release shall be delivered by Employee within seven (7) calendar days after Employee's Separation and (B) Employee shall be entitled to receive such payments only so long as Employee has not breached any of the provisions of such general release or Section 2 or Section 3 hereof[.]

Compl. [1] Ex. 2 at 2. The parties agree that the employment agreement required Ms. Calhoun to execute a general release of claims as a condition precedent to receiving the severance payment. Obj. [40] at 6; Resp. [44] at 3–4. The parties also agree that Ms. Calhoun could only execute the release after WSC terminated her employment.

Judge Beckerman correctly found that the definition of wages for the purposes of § 652.140 can include a payment that is (1) subject to a condition precedent, and (2) conditioned on an action taken by an employee after the termination of her employment. F&R [38] at 4, 6; *see Crofoot v. Columbia-Willamette Air Pollution Auth.*, 571 P.2d 1266, 1270 (Or. App. 1977) (holding an employer liable for the payment of wages upon the employee's delayed post-termination demand). However, determining if such a payment is a wage for the purposes of § 652.140 depends on whether the payment is compensation for the employee's services or in exchange for satisfying the condition precedent. *See, e.g., Wyatt v. Body Imaging, P.C.*, 989 P.2d 36, 40–41, 41 n.1 (Or. App. 1999) (defining wages as "all forms of compensation for

3 – OPINION AND ORDER

services"). Whether the parties understood the severance to be compensation for Ms. Calhoun's services or a payment in exchange for her release of claims is a question of fact on which the parties disagree. *Compare* Response [44] at 2–3 (quoting *State ex rel. Nilsen v. Or. State Motor Ass'n*, 432 P.2d 512, 514 (Or. 1967), *with* Objections [40] at 27. In particular, WSC argues that its agreement to pay severance payments for ten and a half months following separation was not compensation earned for personal service, but part of an agreement to maintain confidentiality and honor a release. As a contested issue of fact, and viewed in the light most favorable to the nonmoving party, it is not appropriate to decide on a motion to dismiss whether the severance payment can be considered a wage. Therefore, I decline to adopt Judge Beckerman's finding that the severance described in the parties' employment agreement was a wage for the purposes of Oregon Revised Statute § 652.140. *See* F&R [38] at 3–4.

II. <u>Wages "Due and Payable" Under Oregon Revised Statute § 652.140</u>

Assuming that the severance described in the parties' employment agreement qualifies as a wage under Oregon Revised Statute § 652.140, Ms. Calhoun's counterclaim must still be dismissed if she failed to adequately allege that the severance was "due and payable." Section 652.140(1) states that, "all wages earned and unpaid at the time of the discharge or termination become due and payable not later than the end of the first business day after the discharge or termination." Oregon courts have decided that wages are not "due and payable" if a condition precedent to receiving the wages has not been satisfied. *See State ex rel. Roberts v. Pub. Fin. Co.*, 662 P.2d 330, 333 (Or. 1983) ("The employer's obligation to pay the compensation arises only on the occurrence of the condition precedent as described in the contract."); *Walker v. Am. Optical Corp.*, 509 P.2d 439, 441 (Or. 1973) (holding that an employee was not entitled to unpaid wages because he failed to satisfy a condition precedent to the payment); *State ex rel.*

*Roberts v. Duco-Lam, Inc.*, 696 P.2d 561, 562 (Or. App. 1985) (finding wages were not "due and payable" because an express condition of the parties' agreement had not been satisfied).

In her counterclaim, Ms. Calhoun stated that she satisfied "all obligations under the contract." Countercl. [20] at ¶ 127. Based on this statement, Judge Beckerman found that Ms. Calhoun adequately pleaded performance of all conditions precedent under the relaxed pleading standard of Rule 9(c). F&R [38] at 5–6. WSC argues that Judge Beckerman erred in accepting Ms. Calhoun's general and conclusory pleading. Obj. [40] at 20.

Federal Rule of Civil Procedure Rule 9(c) states that "in pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Rule 9(c) further requires defendants who deny the occurrence or performance of a condition precedent to do so with particularity. *Id.* Failure to satisfy a condition precedent is ordinarily considered an affirmative defense. 5A Arthur R. Miller, Mary Kay Kane & A. Benjamin Spencer, Federal Practice & Procedure § 1304 (4th ed.). WSC raised such a defense by claiming that Ms. Calhoun "did not satisfy the contractual condition precedent to entitlement to any post-termination payments by signing a general release within 7 days after her termination." Reply [27] at 6.

Ms. Calhoun does not dispute that "executing and delivering a general release of claims" was a condition precedent to receiving her severance. Resp. [44] at 3–4. And she acknowledges that she has not signed and delivered a general release to WSC. Surreply [34] at 3 ("[Ms. Calhoun], through counsel, reiterated her willingness to sign a release just 9 days after she was fired, yet [WSC] still failed to tender one."); Resp. [44] at 7 ("Ms. Calhoun's failure to sign a release in a form acceptable to WSC cannot defeat her entitlement to severance pay.").

Therefore, contrary to Ms. Calhoun's conclusory pleading, the conditions precedent to WSC's obligation to pay the severance have not been satisfied.

Because Ms. Calhoun conceded that she did not perform all conditions precedent, her counterclaim must be dismissed for a failure to state a claim. Although Ms. Calhoun argues that her failure to satisfy all conditions precedent should be excused, Rule 9(c) does not permit a party to plead an excuse by alleging generally that all conditions precedent have been satisfied. *See* Miller, Kane & Spencer, *supra*, § 1303 (citing *Redfield v. Cont'l Cas. Corp.*, 818 F.2d 596, 610 (7th Cir. 1987) ("[The] court should grant plaintiff leave to amend his complaint to comply with Rule 9(c), either alleging performance of all conditions precedent generally or providing an excuse for his failure to perform."). I therefore disagree with Judge Beckerman's finding that Ms. Calhoun adequately pleaded that she satisfied all conditions precedent to payment of the severance payment. Without pleading that she was entitled to the severance payment, Ms. Calhoun has not pleaded the elements necessary to state a claim under § 652.140. Because Ms. Calhoun can cure this deficiency by amending her counterclaim to adequately plead an excuse, leave to amend is appropriate.

## CONCLUSION

For the reasons described above, I adopt the F&R [38] in part and GRANT Plaintiff's Motion to Dismiss [22] with leave to amend. Defendant has thirty (30) days in which to file an amended counterclaim. Defendant is advised that failure to file an amended counterclaim within the allotted time will result in the dismissal of her counterclaim.

IT IS SO ORDERED.

DATED this 22 day of August, 2019.

MICHAEL W. MOSMAN
Chief United States District Judge